[No. 7989. Department One. May 21, 1909.]

NORTHERN PACIFIC RAILWAY COMPANY, *Respondent*, v. COLEMAN DEVINE *et al.*, *Appellants*.[1]

ADVERSE POSSESSION—HOSTILE CHARACTER—PERMISSIVE USE—JUDGMENT—VACATING DEFAULT—EJECTMENT. Occupancy of a $12 shack for nearly twenty years on a railroad company's premises by an old employee, who had no deed and had paid no taxes, appears to have been merely permissive as a squatter; and in ejectment it is not an abuse of discretion to refuse to vacate a default judgment on such a showing.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered December 4, 1908, denying a motion to vacate a judgment, after a trial on the merits before the court without a jury, in an action to recover possession of real property. Affirmed.

*Loveday, Kelley & McMillan* (*L. L. Merritt*, of counsel), for appellants.

*Geo. T. Reid* and *Charles A. Murray*, for respondent.

[1]Reported in 101 Pac. 841.

16—53 WASH.

Morris, J.—On the 13th day of November, 1908, respondent commenced its action, by the service of summons and complaint, upon appellants, in which action it sought to recover possession of the premises occupied by appellants. On December 4, appellants not having appeared, default and judgment was entered against them, and upon December 7 a writ of restitution issued. Upon the same day, appellants filed a motion to vacate the judgment, upon the ground of mistake, inadvertence, surprise, and excusable neglect. The writ was thereupon stayed and, in due time, after the service of affidavits in support of and in opposition to the motion to vacate, the same was denied.

It would be much of an undertaking and serve no good purpose to recite the substance of the various affidavits read upon the hearing. It is sufficient to say that, after a reading of them, we can find no reason for holding that there was an abuse of sound legal discretion on the part of the court below in holding the showing insufficient to vacate the judgment and permit appellants to come in and defend. The most that could be said of appellants is that they were mere squatters, who for nearly twenty years had occupied a shack near respondent's roundhouse in Tacoma, which they purchased for $12. They had no deed; they had paid no taxes; their only indication of ownership was occupancy which, it is apparent from the showing, was permissive. While we do not desire to be understood as holding that deed and payment of taxes were essential to appellants' claim, yet, under all the circumstances here shown, the absence of these strongly indicates appellants were squatters, and their occupancy was permissive, induced largely by the fact that Coleman Devine was an old employee of respondent, and the respondent had no use for the premises.

The judgment is affirmed.

Rudkin, C. J., Gose, Fullerton, and Chadwick, JJ., concur.